We'll hear the next motion, Bank of America. Just hold on one moment. Let the courtroom clear. Thank you. Thank you. OK. Good morning, Your Honor. Arthur Burke for the petitioners, Bank of America and JPMorgan Chase. Subject to your honors, I would like to reserve one minute for rebuttal, if possible. That's fine. OK. The petitioners submit that this case presents a prototypical and paradigmatic situation for interlocutory review under Rule 23-F and satisfies both or either prong of the Sumitomo test. First, this case raises two compelling, novel, and important legal questions, which are likely to arise not just in this case, but in antitrust benchmark cases currently pending in the lower courts in this district. Second, interlocutory review is likely the only mechanism by which the Second Circuit will be able to address these important issues. Plaintiff's damages model purports to entitle the class to treble damages of nearly $50 billion, which raises the very real risk of a settlement despite substantial merits defense. You don't accept that, do you? We certainly dispute it vigorously, Your Honor. My client and JPMorgan Chase are the last two defendants in this case. They fought this case vigorously. They have not been pursued by any government officials for violations of law that relate to these allegations, unlike some of the other banks that have settled. So we contest this vigorously, but I think everyone has to recognize that a potential or the claimed damages of $50 billion is something that cannot be ignored. We note that in the last three cases in which this court granted Rule 23F review, the stakes were much lower. The claims were below $1 billion in two of them and below $5 billion in the third. This is a so-called death knell, is it? That's certainly right, Your Honor. There's a substantial risk that this case will never come, these issues will never be presented to this court unless they are presented by virtue of a 23F review, given the stakes that are at issue here. What if we've been shown in the record, though, that there would be a settlement in this amount or that your client could not afford to settle in this amount? I mean, I understand that it's a very high figure indeed, but some commercial enterprises have settled at surprisingly large figures in any number of cases recently. I think that's exactly the point, Your Honor, which is precisely why these issues may never come to Your Honor's attention. I'm not interested in just being able to address issues if the parties think it's in their interest to settlement. Your suggestion is somehow that there's almost a knife being held to your throat to settle here and that that's different from what we'll call a routine settlement between parties, which would not be a ground to get interlocutory appeal. Certainly, Your Honor. And I think this court and the Hedesy decision has recognized that, especially in large antitrust cases, there's a hydraulic pressure to settle when a class is certified. And again, that could prevent the court from addressing the important issues that are raised in this case. And if I could turn to them just briefly, Your Honor, the first of those issues is the fact that the district court conflated the issues of antitrust injury with damages. This court, in the Cortes decision, in the Sykes decision, and others, has made very clear that there is an important distinction between those two issues. What the district court held here in a very novel decision was that- You don't dispute that if this case were litigated rather than settled, that issue would come before the court. It very well may, following a final judgment, Your Honor. Because many times, we will grant it when the issue will dissolve and disappear. But that's not this case. So it really all turns on the settlement. Well, I think there are two prongs of the sumitomo analysis. There's one prong that goes to whether there's a death now issue. And the second one is just whether there's an important issue that's raised. And I think that's an independent reason for review here. There are multiple other cases- Independent, even if it would be reviewable after judgment? I don't think so. What am I missing? Well, again, because there are multiple other cases pending in the courts where these precise issues will be raised, Your Honor. And I think it would be important for the court to address those. It would, again, there are multiple cases, class certification motions, pending in the Southern District right now where the precisely same issues are raised as are raised here. And it's important for the court to give guidance. That's why we have Rule 23-F. Thank you. We'll hear from the other side. Good morning, Your Honors. May it please the court. My name is Barry Barnett, and I have the honor to represent the OTC plaintiffs. I want to skip to the question that Your Honors have been asking about the death now. This is not a death now case. In the first place, the banks themselves do not even say in their briefs, and you didn't hear it just now, that this will force them to settle. It say it could. It put some pressure on them. These are two of the biggest financial institutions in the world. They also rely on a separate. It would be awfully difficult for them to stand here and say they would, because if they lose, then I'm afraid we're going to have to throw them out of the bar for lying to us, huh? Your Honor, I am confident they would find a way. Another thing that is important to notice is that seven years on, the district court is still considering the adequacy of the pleading. So don't cry too much for the banks. They've got plenty of further opportunities on the merits. There are more than a dozen defendants who are on appeal to this court that have not settled as well. And this is hardly the last or the only time the court will have an opportunity to review questions that are raised. And let's get to the questions. Under summa tummo, they have to prove that there's a substantial question, at least, or one that is of compelling importance. And there isn't one. And that's because Judge Buchwald was very careful in making alternative findings. She concluded that if we are right, the plaintiffs are right, and that netting and absorption, these exotic offset theories that the banks have cooked up, if those don't apply, because NXIVM in the First Circuit and every court that's decided this issue since is right, there will be no individualized issues having to do with netting and absorption. It can be proved on a class-wide basis. That's number one. The alternative finding was, say they're right. Say it is an individualized issue. Common issues still predominate. She made that finding very clearly. She said that because injury, in fact, and damages amount to the same question in this case, if the banks are right, then it doesn't add anything to the predominance analysis. And it's abundantly clear in this court and other courts that individualized issues on damages don't prevent predominance. So Judge Buchwald very carefully made findings after thorough and just a 366-page opinion, Your Honors. She concluded that predominance still would apply. This court, at least three times, including in a case that Judge Sack, you wrote the opinion on the court's financial services case against AG Edwards. There was an issue about what I say. You said, well, let me read it to you, Your Honor. Let me find it. In the court of financial services, this is Your Honor, I'm quoting you. The question of injury, in fact, which in this case is equivalent to whether a particular plaintiff would have paid more, in that case was IPO fees for doing IPOs, in the but-for world may not be common. We do not discount the possibility that the individual questions raised by injury in fact might then predominate over the several common questions. Perhaps a trial would focus largely on what particular plaintiffs would have paid in the but-for world. But that is not necessarily so. Under these circumstances, the predominance question two is best left to the sound discretion of the district court on remand. So Your Honor's declined to rule against, to take that issue up because the district court could on remand do exactly what Judge Buchwald has already done. The Petrobras case is also one that the banks contend that if it relates to liability, then necessarily individual questions predominate. It's not so. That's not so in the Cordes case. It was not so in the Hevesi case versus Citigroup, where the question was whether individual class members would have to show reliance, couldn't rely on the basic presumption. That's a merits kind of an issue. And in Petrobras, it was a threshold question of extraterritoriality. And this court remanded to Judge Kaplan and said, do the predominance analysis. And again, that is exactly what Judge Buchwald has already done. This is not one of the rare cases that meets the stringent requirements of summa tomo. Judge Buchwald's certification order does not sound a death knell for the more than a dozen non-settling defendants, only two of which are even subject to the certification order. It does not substantially question on any issue that is necessarily implicated by the certification order. And it does not sufficiently implicate a question that is crucial to the development of class action law. We respectfully request that Your Honor deny the 23-F petition because immediate review is unwarranted. Thank you. So just briefly, Your Honor, to turn to the issues that were raised by Mr. Barnett in his presentation, I think the key issue in this case is that the district court took the position that because injury, in fact, overlaps with damages, that that then allows the court to overcome the predominance question, even though the court in Sykes and elsewhere has held that it's absolutely necessary to demonstrate injury on, in fact, and on a class-wide basis. So I think that's a very novel question. We've not seen that issue addressed before. It's very likely to arise in all of the other benchmark cases that are currently pending. Because traditionally, it's relatively easy to demonstrate impact in a way that's separate from damages. Usually, impact is a subset of the damages question. What Judge Buchwald concluded here was that because of the nature of the financial instruments at issue, impact slash injury and damages were going to overlap significantly. And then made the novel judgment that that then allowed her to short circuit the case law that suggests it's the Sykes case, for example, which says you have to be able to prove impact and injury on a class-wide basis. That is an important issue that we think the court should address and resolve. Thank you. Thank you. All reserved decision. The remaining motions are on submission.